Paul Salmas
12823 Maxwell Drive
Tustin, CA 92782

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Paul Salmas,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>T-MOBILE USA INC.,<br><br>　　　　　Defendant. | Case No. SACV 15-01981 GHK(GJSx)<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. 1681 et seq**<br>2) **CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CALIFORNIA CIVIL CODE 1785 et seq.**<br><br>TRIAL BY JURY DEMANDED |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq., and the Consumer Credit Reporting Agencies Act (hereinafter "CCRAA") California Civil Code 1785 et seq.,

//
//

## JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1681p, California Civil Code 1785.33, 28 U.S.C. § 1331, and 28 U.S.C. § 1337; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

## VENUE

3. Venue is proper in the Central District of California Southern Division pursuant to 28 U.S.C § 1391 as Plaintiff resides in Orange County, California; Defendants transact business here.

## PARTIES

4. Plaintiff, Paul Salmas (hereinafter "Plaintiff" or "Salmas"), is a natural person residing in Orange County, California; a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c), and the CCRAA California Civil Code 1785.3(b).

5. Defendant, T-MOBILE USA INC., ("T-Mobile"), is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and a for-profit corporation organized in Delaware which has a principle place of business located at 12920 SE 38th St, Belleview, WA 98006.

## GENERAL ALLEGATIONS

6. TransUnion is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C. § 1681a(f), and a "consumer credit reporting agency" within the meaning of the CCRAA California Civil Code 1785.3(d).

7. Consumer report (hereinafter "consumer report") is defined as "consumer report" within the FCRA 15 U.S.C. § 1681a(d), and "consumer credit report" within the CCRAA California Civil Code 1785.3(c).

8. Plaintiff obtained his consumer report from TransUnion in September 2015, and found an entry in this report that indicated T-Mobile had obtained Plaintiff's TransUnion consumer report on February 12, 2015.

9. Plaintiff has never given T-Mobile consent to obtain Plaintiff's consumer report.

10. Upon learning of this inquiry, Plaintiff sent a letter on or about September 18, 2015 to T-Mobile to resolve this matter.

11. Defendant responded back on or about November 3, 2015 with a generic letter stating general information about a credit inquiry.

12. No evidence or documentation was provided in Defendant's response letter to show that T-Mobile had, in fact, a permissible purpose to obtain Plaintiff's consumer credit report.

## COUNT I

## VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.,

## VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.

## WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT T-MOBILE USA INC.

13. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

14. Discovery of violations brought forth herein occurred in September 2015 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

15. The permissible purpose for which a person may obtain a consumer report is described in the FCRA 15 U.S.C. § 1681b and the CCRAA California Civil Code 1785.11(a).

16. Such permissible purposes are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, is offered a bona fide offer of credit as a result of the inquiry, or in connection with the hiring of a dwelling unit.

17. Defendant, T-Mobile, had obtained Plaintiff's TransUnion consumer report on February 12, 2015.

18. Plaintiff has never made application for credit from Defendant, T-Mobile.

19. At no time did Plaintiff give his consent for Defendant, T-Mobile, to acquire his consumer report from any consumer reporting agency.

20. The FCRA 15 U.S.C. § 1681e(a) and the CCRAA California Civil Code § 1785.14(a) requires that prospective users of reports shall identify themselves; certify the purposes for which the information is sought; and certify that the information will be used for no other purpose.

21. Defendant, T-Mobile, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b and with the CCRAA California Civil Code 1785.11(a) by obtaining Plaintiff's TransUnion consumer report on March 12, 2014 with no permissible purpose.

22. At no time has T-Mobile ever provided any evidence or documentation they may have had for obtaining Plaintiff's consumer report.

23. Defendant, T-Mobile, has not provided the certification, required under the FCRA 15 U.S.C. § 1681e, and the CCRAA California Civil Code 1785.14(a) as to what their permissible purpose was when specifically obtaining Plaintiff's consumer report from Experian on February 12, 2015.

24. Data mining and harvesting of consumer's private information can lead to potential identity theft and economic abuse – especially if done on a large scale. Congress enacted the FCRA, and further amended the FCRA with heightened requirements to insure a respect for the consumer's right to privacy. 15 U.S.C. § 1681(a)(4).

25. T-Mobile is a company that has the capacity to effect such economic abuse due to their large global scale of business.

26. T-Mobile had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer reports, and a duty to provide certification to the consumer reporting agency when obtaining Plaintiff's consumer report, and T-Mobile breached said duty. Therefore Plaintiff is entitled to damages for breach of said duty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, T-Mobile, as follows:

a. Adjudging that Defendant, T-Mobile, violated the FCRA.

b. Adjudging that Defendant, T-Mobile, violated the CCRAA.

c. Awarding Plaintiff statutory damages of $1,000, pursuant to the FCRA 15 U.S.C. § 1681n, against Defendant, T-Mobile;

d. Awarding Plaintiff civil penalties of $2,500, pursuant to the CCRAA California Civil Code 1785.19(a), against Defendant, T-Mobile;

e. Awarding Plaintiff punitive damages to be decided at trial, against Defendant, T-Mobile;

f. Awarding Plaintiff actual damages, against Defendant, T-Mobile;

g. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, T-Mobile;

h. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant, T-Mobile;

i. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant, T-Mobile.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 25, 2015

Respectfully Submitted,

Paul Salmas
12823 Maxwell Drive
Tustin, CA 92782